### BULLOCK and others v. FINLEY.

*(Circuit Court, N. D. Ohio, W. D.* June Term, 1886.)

1. SALE—ACTION FOR PRICE—DEFENSE—QUANTITY—CUSTOM.
    In an action for "three car-loads of brewers' rice," where it does not appear that the contracting parties agreed as to the quantity to make a car-load, the custom of the trade will fix the quantity.
2. SAME—AVERAGE.
    Where there is no such custom, the quantity will be fixed by the capacity of a car used for such freight.
3. CUSTOM AND USAGE—MEANING OF WORD IN CONTRACT.
    Where it does not appear that the parties to a contract agreed upon the meaning of a particular word in it, the custom of the trade will determine it.

The plaintiffs, Bullock & Co., were dealers in produce in the city of New York, and, among other things, were selling brewers' rice; and the defendant was the owner of a large brewery establishment in the city of Toledo, Ohio, and was using, to some extent, broken rice in the manufacture of beer and ale.

The plaintiffs claim that the defendant, in December, 1882, purchased from their agent ten car-loads of rice, at the price of three and a half cents per pound, to be delivered to the defendant at Toledo, Ohio, as wanted by the defendant, and all to be delivered before October, 1883. The plaintiffs alleged that they had delivered to the defendant seven car-loads, which had been received and paid for by the defendant at contract price, but that the last three car-loads delivered to defendant at Toledo were refused by the defendant, and the suit was brought to recover the contract price for the three car-loads.

The defendant denies that he had made any contract to purchase 10 car-loads of rice, but that he only agreed to purchase such carloads as he wanted, and had paid for all he so purchased and received. The defendant also claimed that, if he had agreed for 10 car-loads, they were only to contain 12 tons each, and he had received and paid for more than 10 car-loads of 12 tons each, the 8 car-loads received and paid for containing some 20 tons each; and was not, therefore, bound to receive the last 3 car-loads.

*Doyle & Scott*, for plaintiffs.
*Charles Kent* and *Harvey Scribner*, for defendant.

WELKER, J., (*orally, charging jury.*)  The first question to settle by you is, was there a contract made to purchase 10 car-loads of rice, as claimed by the plaintiffs?  If you find that such a contract was made, then you will ascertain what quantity of rice was to constitute a car-load, in contemplation of the contract.  Usually, men who make contracts to buy and sell agree on what they are buying and selling.  Where the contract provides that it shall be "car-loads," some rule must be adopted by which you will determine what the parties meant and regarded as a "car-load."  Contracts must be construed with reference to the intention and understanding of the parties at the time.

I direct you that if nothing was agreed as to the quantity to make a "car-load," then the usual and established custom as to quantity in that business and trade, at the time and place of the contract, would fix the quantity meant by a "car-load" between the parties; and, if no such usage or custom is shown, then what a car of usual capacity, used in carrying such freight, could carry, would fix the quantity intended by the parties.  In ascertaining what was meant and understood as to quantity, you must consider all the circumstances connected with the transaction between the parties disclosed in the evidence; their former transactions in reference to the purchase of rice, and what was afterwards done by them in the receipt of rice, and the payment therefor.

If there was a recognized custom as to quantity shipped and received, between the plaintiffs and defendant, in former shipments of car-loads, this may show the intention of the parties as to quantity. If the parties knew of a custom as to the quantity to make a car-load, then the law implies, in the absence of an express agreement, that they contracted with reference to such custom.  The testimony of experts in the shipping business, also in the produce and brewery business, admitted in evidence, should be duly considered by you.

If you find that the car-loads intended by the parties were to be only 12 tons each, and you find that the car-loads as received and paid for by the defendant made a quantity in the aggregate equal to 10 car-loads of 12 tons, then the plaintiffs cannot recover for the 3 car-loads sued for, as the defendant had received and paid for all the contract required him to receive.

Verdict for the plaintiffs.