BERNARD OEVERMANN v. HENRY LOEBERTMANN.[1]

May 6, 1897

Nos. 10,496—(81).

**Assumpsit—Statute of Limitations—Partial Payments—Pleading.**

An allegation in a complaint is sufficient which alleges an indebtedness and part payments thereon at such times as would prevent the statute from operating as a bar to the cause of action.   Words or acts indicating that the debtor acknowledged that more was due and would be paid need not be alleged.   The rule that part payment of a debt will not take the case out of the statute unless the payment be made under circumstances which will warrant the jury in inferring therefrom a promise to pay the residue is one of evidence, and not of pleading.   It is not necessary to plead implied promises.

Appeal by defendant from an order of the district court for Wright county, Smith, J., refusing a new trial after a verdict for plaintiff for $1,256.90.   Affirmed.

*F. E. Latham and J. C. Tarbox*, for appellant.

A mere payment on account does not establish a new point from which the statute of limitations begins to run.   2 Wood, Lim. Act, § 232.   See Brisbin v. Farmer, 16 Minn. 186 (215); Chadwick v. Cornish, 26 Minn. 28;  Young v. Perkins, 29 Minn. 173.   A simple part payment even by a debtor to his creditor is not evidence that there is more due, nor is it evidence alone of a promise to pay the balance of a debt.   Smith v. St. Paul, 56 Minn. 202.   In case of an acknowledgment or implied promise, there should be a direct recognition of the indebtedness.   Whitney v. Reese, 11 Minn. 87 (138).   Payment is not necessarily admission.   Merriam v. Bayley, 1 Cush. 77;  Shoemaker v. Benedict, 11 N. Y. 176;  Winchell v. Hicks, 18 N. Y. 558;  Conway v. Wharton, 13 Minn. 145 (158);  Erpelding v. Ludwig, 39 Minn. 518;  U. S. v. Wilder, 13 Wall. 254, 257;  Buckley v. U. S., 8 Ct. Cl. 517;  Jones v. Langhorne, 19 Colo. 206;  Stevens v. Lord, 84 Hun, 353;  Crow v. Gleason, 141 N. Y. 489;  Liseur v. Hitson, 95 Ga. 527;  Compton v. Bowns, 23 Civ. Proc. R. 225;  Ayres v. Hubbard, 71 Mich. 594.   A simple allegation of part payment is not an allegation of any fact which would remove the bar of the statute, and if it appear by the

[1] Reported in 70 N. W. 1084.

complaint that the cause of action was barred, the defendant may demur. Kennedy v. Williams, 11 Minn. 219 (314); Humphrey v. Carpenter, 39 Minn. 115; Hoyt v. McNeil, 13 Minn. 362 (390); West v. Hennessey, 58 Minn. 133.

*Foland & McCune,* for respondent.

The objection must clearly appear in the complaint that the action is barred. McArdle v. McArdle, 12 Minn. 53 (98); Kennedy v. Williams, supra; Eastman v. St. Anthony, 12 Minn. 77 (137); Humphrey v. Carpenter, supra; Henkel v. Pioneer, 61 Minn. 35; Smith v. Dennett, 15 Minn. 59 (81); Solomon v. Vinson, 31 Minn. 205; Cochrane v. Quackenbush, 29 Minn. 376; Trebby v. Simmons, 38 Minn. 508. When it appears from the complaint that partial payments have been made toward the debt sued on within less than the statutory time before the commencement of the action, demurrer will not lie. Davenport v. Short, 17 Minn. 8 (24); Downer v. Read, 17 Minn. 470 (493); McArdle v. McArdle, supra; Kennedy v. Williams, supra; Trebby v. Simmons, supra. See, also, Board v. Cole, 8 Ind. App. 485; Cameron v. Cameron, 82 Ala. 392. Limitations must be pleaded unless the complaint shows on its face that the action is barred. City v. Twiford, 13 Ind. App. 384; Rich v. Bray, 37 Fed. 273; Chellis v. Coble, 37 Kan. 558; Inhabitants v. Syms, 49 N. J. L. 546; Bliss, Code Pl. § 355; 1 Wood, Lim. Act. § 7.

BUCK, J. The evidence in this case, if admissible under the complaint, is ample to sustain the verdict. It is contended that the complaint does not state facts sufficient to constitute a cause of action, and, as it is quite brief, we quote the same, viz.:

"For his complaint herein, the plaintiff alleges: That on the 1st day of September, 1888, at the county of Wright, in said state, he lent to defendant, at his special instance and request, the sum of two thousand dollars ($2,000). That the defendant has not paid the same, or any part thereof, except as follows: In December, 1888, $400; in July, 1889, $300; in July, 1891, eight bushels of oats, of the value of $2.40; in December, 1891, $30; in March, 1892, $10; in September, 1894, two bushels of oats, of the value of seventy (70) cents. That frequently, before the commencement of this action, plaintiff demanded of defendant payment of said sum. Wherefore plaintiff demands judgment against defendant for the sum of $2,000, with interest thereon at seven per cent. since September 1, 1888, less the several sums

above set forth, with interest on each of said sums from the date of payment thereof, as above specified, and for the costs and disbursements of this action."

When the case was called for trial the defendant moved for judgment in his favor upon the pleadings, which motion was denied. When the plaintiff offered evidence to support the allegations in his complaint, the defendant again objected, upon the ground that no cause of action is stated in the complaint, and because the complaint showed that the cause of action was barred by the statute of limitations. This objection was overruled, and defendant excepted.

We are of the opinion that the ruling of the trial court in each instance was correct. The plaintiff is not required to set out the facts or circumstances attending the various payments made by the defendant upon the indebtedness. These are matters of evidence, and need not be pleaded. The appellant cites Brisbin v. Farmer, 16 Minn. 187, 196 (215), as affirming the rule laid down by Chitty,

"That part payment of a debt will not take the case out of the statute unless the payment be made under circumstances which will warrant the jury in inferring therefrom a promise to pay the residue."

But, conceding this to be the law, it refers to the circumstances attending the payment, and is a rule of evidence, and not of pleading. When the pleader alleges in his complaint that a loan on a certain day has been made, or the execution of a note payable at some future time, and that certain payments have been made thereon, within which time the statute of limitations would not operate as a bar to a recovery on the original indebtedness, he need not allege the words or acts to indicate that it was meant that they were to be construed as carrying with them an acknowledgment that more was due and would be paid. In this case the complaint alleges part payment at different times on the loan, and that they were made at such times as would save the statute from operating as a bar to his cause of action.

The defendant admits the original loan or indebtedness, and, if he made the payments as alleged, this is a further admission of indebtedness. If nothing more was said or done by the debtor with reference to such indebtedness, and no protest or assertion made that it had been paid in whole or in part, the making a voluntary payment in part of a larger indebtedness without objection would be evidence from

which a jury would be warranted in inferring a new promise to pay the balance. This is what we understand is meant by the rule so frequently laid down in the law books, that part payment must be under such circumstances as reasonably, and by fair implication, leads to the inference that the debtor intended to renew his promise of payment. Of course, it must appear that the payment was made upon the debt sued on, and that it was so intended by the debtor and so accepted by the creditor.

We do not wish to be understood as holding that even if objections were made to the amount of the original indebtedness, or a claim that more had been paid, the jury might not consider whether a payment then made would not warrant a finding that the debtor intended to pay the balance, notwithstanding his protest. All of the attending circumstances might be considered by the jury which go to repel the idea of an intention not to pay, as well as an intention to pay, the balance. The rule that the partial payment of a debt takes it out of the operation of the statute of limitations is founded upon the theory that a payment of a part of a subsisting debt is acknowledgment that the debt exists, from which the law implies a new promise to pay the balance. Taylor v. Foster, 132 Mass. 30. It is not necessary to plead implied promises. While the law encourages promptitude in the prosecution of remedies, yet as the statute of limitations never pays a debt, although it may bar the remedy, it gives effect to such affirmative acts of the debtor as tend to recognize or pay an honest indebtedness; for honesty is a favorite of the law as well as of equity. The complaint being sufficient, if the defendant wished to rely upon the statute of limitations he should have pleaded it in his answer.

This he did not do, and, as the jury found against him upon the facts, the order denying the motion for a new trial is affirmed.