(April 27, 1907.)

THE WESTERN LOAN AND SAVINGS COMPANY (a Corporation), Appellant, v. THE KENDRICK STATE BANK (a Corporation), et al., Respondents.

[90 Pac. 112.]

MORTGAGE—PURCHASER ASSUMING PAYMENT OF—RENEWAL OF—SECOND MORTGAGE GIVEN SUBJECT TO—INTENTION OF THE PARTIES.

1. When one purchases land and it is recited in the deed that the land conveyed is subject to a certain mortgage then existing against said land, the land is charged with the encumbrance of said mortgage debt.

2. Under the facts of this case, where the purchasers thereafter mortgaged said premises to a third party and it is recited in such mortgage that it is subject to the debt secured by the first mortgage, and the purchasers thereafter make a settlement of the first mortgage and execute another mortgage as a renewal of that mortgage to secure the remaining part of such debt, such mortgage lien is prior and superior to the mortgage given by the purchasers to such third party, if that be the intention of the parties thereto.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Action to foreclose a mortgage. Judgment against plaintiff. *Reversed.*

S. S. Denning, for Appellant.

.Where one purchases land, and it is recited in the deed that the land conveyed is subject to a mortgage, the land is as effectually charged with the encumbrance of the mortgage debt as if the purchaser expressly assumed the purchase of the debt or had himself executed the mortgage. (*Hadley v. Clark*, 8 Idaho, 497, 69 Pac. 319; *Burke v. Wells, Fargo Co.*, 7 Idaho, 42, 60 Pac. 87; *Vollmer v. Reed's Estate*, 10 Idaho, 196, 77 Pac. 325.)

G. W. Suppiger and William M. Morgan, for Respondents.

A release of the original mortgage and the taking of a new one would naturally let intervening liens into position of priority to the new mortgage, and it requires very clear evidence of fraud, accident or mistake to.induce a court of equity to prevent this result. (Jones on Mortgages, 4th ed., 833.)

The intention of the parties governs whether a new note shall be treated as payment of the former, and will depend upon the purpose and understanding of the parties to the transaction. (1 Jones on Mortgages, 4th ed., sec. 926; *Willows v. Rosenstien*, 5 Idaho, 305, 48 Pac. 1067.)

SULLIVAN, J.—This action was begun by the *Western Loan & Savings Co. v. M. C. and Arra B. Normoyle*, husband and wife, and the Kendrick State Bank, as defendants, to foreclose a real estate mortgage given to secure the payment of $410 with interest, on lot 3 in block 7, in the town of Kendrick, Latah county. Said mortgage was dated January 4, 1903.

The Kendrick State Bank, it is alleged in the complaint, claims some right, title .and interest in and to said premises, and that whatever interest it claims to have is junior, inferior and subject to the plaintiff's mortgage lien. The

proper judgment and decree of foreclosure is prayed for and that whatever right, title or interest the said Kendrick State Bank claims to have in said premises be declared junior, inferior and subject to the rights and interests of the plaintiff. The Kendrick State Bank answered, denying part of the allegations positively and part on information and belief, and as a separate defense alleged that said Normoyles, together with M. E. Shepler and Lee R. Carlton, had made and executed to said bank their promissory note for $3,909.31, and to secure the payment thereof had given a certain mortgage bearing that date upon said lot 3, block 7, and other property, which mortgage was dated this twenty-fourth day of January, 1902, and which mortgage will hereinafter be referred to as the $3,900 mortgage. It is further alleged in said answer that the last-mentioned mortgage was dated, executed and recorded long prior to the mortgage set forth in plaintiff's complaint and is a prior lien on said lot to the mortgage of the plaintiff, and said state bank prayed that its said mortgage lien be decreed a prior lien on said lot 3, block 7, to that of plaintiff's.

The cause was tried upon the issues thus made, and the court made findings of fact and gave judgment and decree in favor of the Kendrick State Bank, holding its mortgage a prior and superior lien to that of the plaintiff's. The appeal is from the judgment and order overruling the motion for a new trial.

The controlling question for decision is as to which of said mortgages is the prior and superior lien on said lot. The following facts appear from the record: On the fourteenth day of January, 1899, Lydia Taylor and her husband gave to the plaintiff in this action a real estate mortgage on said lot 3 to secure the payment of the sum of $450, and said mortgage was thereafter properly recorded. Thereafter on November 2, 1900, the said Taylors conveyed said premises to the defendant, Arra B. Normoyle, in consideration of the sum of $700. Said conveyance contained a covenant of warranty except against said $450 mortgage; and on the twenty-fourth day of January, 1902, said Normoyle executed

a mortgage to the Kendrick State Bank on said lot 3, together with other property, to secure the payment of $3,900, which mortgage was duly recorded. Subsequently to the execution of the last-mentioned mortgage, the plaintiff, the Western Loan and Savings Company, brought an action to foreclose said $450 mortgage against said Taylors and the said Arra B. Normoyle, as defendants. That action was compromised by the Normoyles by giving the Western Loan and Savings Company a new mortgage in the place of said $450 mortgage on said lot 3, which new mortgage secured the payment of $410 instead of $450 as the first mortgage had done. The $410 mortgage was dated January 4, 1903, and properly recorded on February 2d of the same year. The last-mentioned mortgage is the basis of this action; that is, the Western Loan and Savings Company brought this action to foreclose said $410 mortgage.

It will be observed from the foregoing statement of facts that the $450 mortgage was dated January 14, 1899; the $3,900 mortgage was dated January 24, 1902; and the $410 mortgage, the basis of this action, bears date January 4, 1903. But it is contended by counsel for appellant that the $410 mortgage was simply a renewal of the $450 mortgage and for that reason is a prior and superior lien on said lot 3 to the $3,900 mortgage.

The evidence shows that after the suit had been brought to foreclose the $450 mortgage, a compromise of that matter was made and adjusted in some way and that mortgage was canceled and in place of it the $410 mortgage given; and it is contended by counsel for appellant that after the compromise, the $410 mortgage was simply a renewal of the $450 mortgage, and for that reason should be held prior and superior to the $3,900 mortgage.

There is nothing in the $410 mortgage that indicates that it is a renewal of the $450 mortgage, although the oral evidence of the plaintiff shows that it is. The record contains a written satisfaction of said $450 mortgage, dated the twentieth day of January, 1903, whereby the plaintiff acknowledges the payment of the debt secured by said $450 mort-

gage, and acknowledges full satisfaction of said mortgage, and cancels and discharges said mortgage. Said satisfaction piece is signed by the plaintiff by its vice-president and attested by its assistant secretary, and duly acknowledged before a notary public. It is covenanted by the Normoyles in the $3,900 mortgage as follows: "That they are lawfully seised in fee simple of the aforesaid premises, and have good right and lawful authority to sell and convey the same in manner and form aforesaid; that they are free and clear of all encumbrances whatever, except a first mortgage to the Western Loan and Savings Company."

At the time the last-mentioned mortgage was given, the $450 mortgage was a valid and subsisting mortgage on said premises and a prior lien to that of the last-mentioned mortgage. There can be no doubt from the evidence contained in the record that the $410 secured by the mortgage, dated January 4, 1903, was a part of the $450 mortgage, and we do not think it was the intention of the Normoyles nor the Western Loan and Savings Company in executing and accepting said $410 mortgage to make its lien inferior and subsequent to the $3,900 mortgage. The Normoyles had taken a conveyance from the Taylors to the title to the said lot 3 prior to the time they gave either of the mortgages involved in this case, and they took the title thereto subject to said $450 debt, and the $3,900 mortgage was accepted by the bank subject to the $450 debt, and contains a provision to that effect.

It is also shown by the oral evidence that the $450 mortgage was never paid, and that the $410 mortgage was a renewal and a continuation of a portion of that debt, $410 being the balance left of the $450 after the settlement of said matter between the Normoyles and the plaintiff. A renewal was the intention of the parties and not payment.

As we view it, the $3,900 mortgage was executed subject to the payment of the Taylor debt, and the Taylor debt was not paid by the execution of the $410 mortgage—that was simply a renewal and continuation of that debt. That was clearly the intention of the parties, and in section 926 of 1

Jones on Mortgages, sixth edition, the author says: "But not only will the intention of the parties be determined by the express agreement of the parties, but in the absence of this, by the circumstances attending the transaction from which such intention may be inferred." For that reason, the debt secured by said $410 mortgage is a prior and subsisting lien to that of the $3,900 mortgage, and the court erred in not so holding.

The judgment must be reversed and the cause remanded, with instructions to the lower court to make proper findings of fact and enter the proper judgment and decree, holding that said $410 mortgage is prior and superior to said $3,900 mortgage and enter decree of foreclosure, foreclosing said $410 mortgage.

Costs are awarded to the appellant.

Ailshie, C. J., concurs.

### ON PETITION FOR REHEARING.

#### (May 31, 1907.)

AILSHIE, C. J.—After a re-examination of this case, we are still of the opinion that the judgment of the lower court must be reversed, but we have concluded that the interests of justice would be better served by granting a new trial than to direct findings and judgment as required by the original opinion herein. It has been argued by the attorneys for the respondents that since the complaint ·in this case nowhere suggests that the mortgage sued upon is a renewal and continuation of the Taylor mortgage, that therefore a finding on that fact would be unsupported by the pleadings and void. In support of this position we are cited to 23 Cyc. 818. It must be conceded that the findings of fact should respond to the material issues made by the pleadings. While this is true, consideration must be had for the requirements of sections 4225 and 4226 of the Revised Statutes. It is there provided that where the variance between the allegations in the pleadings and the proofs adduced is

not such as to mislead the adverse party to his prejudice, the variance shall be disregarded. In such a case "the court may direct the fact to be found according to the evidence, or may order an immediate amendment." If, however, the variance is such as to mislead the adverse party to his prejudice, "the court may order the pleading to be amended upon such terms as may be just." It will, therefore, be seen that under the requirements of the foregoing provisions of the statute, the court is not powerless in such a case as this to do justice between the parties. In view of the fact that the intent of the parties in the execution of the $410 mortgage— that being the one sued on herein—must be the controlling consideration in determining whether or not this mortgage is prior or subsequent in point of right to the $3,900 mortgage, both parties should be given ample opportunity to produce their proofs on that point. Likewise in reference to the usurious character of the Taylor mortgage of which it is claimed this is a renewal. The defendants should be given a new trial and the opportunity of producing their proofs as to whether the original mortgage was fully purged of usury in the execution of the renewal mortgage. We are of the opinion that the ends of justice would be better subserved by granting a new trial than for us to direct a judgment as heretofore indicated. The judgment of the lower court is reversed and a new trial is granted, and the cause is accordingly remanded.

Sullivan, J., concurs.