(156 App. Div. 681.)

### CLAPP v. SCHAUS et al.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. CONTRACTS (§ 346*)—ACTION FOR BREACH—ISSUES, PROOF, AND VARIANCE.
    In an action on an express contract, a recovery may be had on quantum meruit.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

2. EVIDENCE (§ 523*)—EXPERT EVIDENCE—CUSTOMARY RATE OF COMMISSIONS.
    Expert testimony of the value of services rendered and evidence of the customary commissions paid is competent to show the reasonable value of services rendered in selling paintings on commission, on the theory that the parties are presumed to have had the customary rate in mind in contracting.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2331; Dec. Dig. § 523.*]

3. BROKERS (§ 67*)—ACTING FOR PARTIES ADVERSELY INTERESTED.
    Where a buyer informed defendant, a dealer, that plaintiff was his agent in purchasing paintings, but all of the sales were conducted personally by the buyer and the dealer, and plaintiff was given no discretion by either party concerning prices or terms of payment, the rule precluding the recovery of commissions by an agent who acts for both parties did not apply.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. § 67.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. BROKERS (§ 86*)—ACTIONS—SUFFICIENCY OF EVIDENCE—TERMS OF CON-
TRACT.

Evidence in an action on a parol contract for commissions on sales
of paintings *held* not so clear and convincing as to establish the alleged
contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec.
Dig. § 86.*]

5. BROKERS (§ 71*)—CONTRACT FOR COMPENSATION—CONSTRUCTION.

Under a written contract providing that plaintiff should receive 5
per cent. commission on all sales of paintings up to $3,000 and a half
commission on sales over that amount, plaintiff was entitled to commis-
sions on unconditional sales, although one of the paintings sold was not
owned by defendant, and although one was returned in settlement of the
purchaser's indebtedness for it and other paintings, etc.; and on sales
of three paintings at the same time for more than $3,000 he was en-
titled only to the lower rate of commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 56; Dec. Dig.
§ 71.*]

6. EXECUTORS AND ADMINISTRATORS (§ 222*)—ACTIONS—COSTS.

Under Code Civ. Proc. §§ 1835, 1836, providing that, where a money
judgment is rendered against an executor in his representative capacity,
costs shall not be awarded against him, unless plaintiff's demand was
presented within the time prescribed by law and payment thereof was
unreasonably neglected, the presentation of a claim to a testator did not
dispense with the necessity of presenting it to the executors, if plain-
tiff desired to recover costs against them.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 764–766; Dec. Dig. § 222.*]

Clarke and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Marshall Clapp against Sophie J. Schaus and Adolph
Schaus as executors of Hermann Schaus, deceased. From a judg-
ment for plaintiff from an order denying a new trial, and from an order
denying their motion based on the fact that the claim was not presented
to them to strike from the judgment costs taxed against them, defend-
ants appeal. Reversed and new trial granted, unless plaintiff stipulates
to reduce the judgment, in which case judgment modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

L. Laflin Kellogg, of New York City (Alfred C. Pette, of New
York City, on the brief), for appellants.

Adam K. Stricker, of New York City, (H. Randolph Guggenheimer,
of New York City, on the brief), for respondent.

LAUGHLIN, J. The plaintiff, who describes his business as that
of a "picture commissionaire" selling pictures on commission, alleged
two causes of action in separate counts to recover commissions ag-
gregating $9,711.45 for selling paintings and bronzes for the decedent,
Hermann Schaus, who conducted a business as a dealer in paintings
and other works of art at 415 Fifth avenue, New York City, where
he had on exhibition a gallery of paintings. The verdict was for the
full amount of commissions claimed in each count and interest.

[1, 2] The first cause of action is on an alleged oral contract; and the second is based on a contract in writing subsequently made. The claim under the oral contract is for commissions on sales amounting to $104,375, made to one Burchell in the months of January and February, 1908. It is not controverted that Burchell bought the paintings and other works of art on which plaintiff claims commissions of the decedent. The answer of the appellants, however, denied that there was any contract by which the decedent was obligated to pay commissions; but they introduced no evidence. The learned counsel for the appellants contend with respect to the recovery on the first cause of action that the plaintiff was acting as the agent of the purchaser; that the evidence adduced to establish the oral contract with the decedent was not sufficiently clear and convincing to require the submission of the case to the jury in an action against an estate, and, if it was, then that the verdict on that issue is against the weight of the evidence; and that since an express contract to pay fixed commissions was alleged the court erred in permitting a recovery on quantum meruit. The first cause of action is on an express contract to pay commissions of 10 per centum on all sales effected by the plaintiff. There is no evidence tending to show an express agreement with respect to the amount of the commissions. The court ruled that, if the plaintiff procured the purchaser under a contract of employment, he could recover the reasonable value of the services rendered; and on that issue both the testimony of experts and evidence with respect to the commissions customarily paid in that line of business were received over objection and exception duly taken by defendants. The evidence was uncontroverted that the services were worth 10 per centum, which was the usual commission. When this evidence was offered, counsel for defendants stated that he was not prepared to meet that issue, but he did not ask for an adjournment, and rested on the plaintiff's case without manifesting a desire or requesting an opportunity to obtain or offer evidence in rebuttal. It is well settled that in an action on an express contract a recovery may be had on quantum meruit (Sussdorff v. Schmidt, 55 N. Y. 319; Shirk v. Brookfield, 77 App. Div. 295, 79 N. Y. Supp. 225; Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843); and that such evidence is competent to show the value of the services, and on the theory that the parties are presumed to have had the customary rate in mind in contracting (Walls v. Bailey, 49 N. Y. 464, 10 Am. Rep. 407; Newhall v. Appleton, 114 N. Y. 144, 21 N. E. 105, 3 L. R. A. 859; Reynolds v. Everett, 144 N. Y. 193, 39 N. E. 72; Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 316, 43 N. E. 856; Underwood v. Greenwich Ins. Co., 161 N. Y. 424, 55 N. E. 936; Robinson v. N. Y. & Texas S. Co., 63 App. Div. 217, 71 N. Y. Supp. 424).

[3] Burchell informed and wrote decedent on January 22, and 27, 1908, that plaintiff was his agent in purchasing paintings; but it is evident that he did not intend to concede that plaintiff was in his employ, for he never paid plaintiff any commission, and says that he merely meant that from time to time, when he desired a painting by a certain artist, he requested the plaintiff "to look up the best he could find by that artist." But, if plaintiff was Burchell's agent, that fact

was not concealed from the decedent, and it would not relieve his estate from paying a commission to plaintiff, if decedent promised it in consideration of plaintiff's bringing Burchell to his store, which is all that plaintiff appears to have done in the premises, either for the decedent or for Burchell. All of the negotiations were conducted by Burchell personally in his own behalf, and for the decedent either by himself or by salesmen in the store, and plaintiff was neither vested with any discretion, concerning prices or terms of payment, by either of them, nor did he take part or participate in any manner in negotiating any of the sales, and therefore the rule which precludes the recovery of commissions by an agent who acts for both parties does not apply. See Tieck v. McKenna, 115 App. Div. 702, 101 N. Y. Supp. 317; Jarvis v. Schaefer, 105 N. Y. 289, 11 N. E. 634; Knauss v. K. B. Co., 142 N. Y. 70, 36 N. E. 867. The information which the decedent thus received with respect to plaintiff's being agent for Burchell bears on the construction to be placed on the conversations and relations between plaintiff and decedent upon which employment of the former by the latter is predicated.

[4] The evidence tends to show that on or about the 14th of January, 1908, plaintiff brought Burchell, who had never been there before, to decedent's gallery and introduced him to Stollberg, the manager, who was in charge in the absence of the decedent; that they looked at some pictures casually, but Burchell did not then or thereafter purchase any of them; that plaintiff and Burchell called again on January 20th, and on that occasion decedent was present and exhibited pictures and other works of art and made sales to Burchell amounting to $3,250, and of the pictures exhibited at that time there were three, each painting by a different artist, and it appears that subsequently Burchell bought of decedent a picture by each of these artists aggregating $25,700, but it does not appear whether or not they were the same pictures by those artists exhibited to Burchell on January 20th, when plaintiff was present; that they next called together February 17th, and looked at more pictures, one of which Burchell bought February 20th for $2,600, and a picture by Israels was exhibited at that time, and it appears that on February 25th Burchell bought a painting by Israels of decedent for $29,250, but it does not appear whether or not this was the same painting exhibited to Burchell on February 20th, when plaintiff was present. There is no evidence that plaintiff on any occasion drew Burchell's attention to any picture or other work of art which he subsequently purchased, and of the total purchases aggregating $104,375, on which plaintiff has recovered commissions on the first cause of action, those which aggregate $5,850 are the only purchases of pictures and other works of art clearly shown by the evidence to have been exhibited to or even seen by Burchell on any occasion when plaintiff accompanied him to the decedent's gallery. Burchell's interest in the other paintings and a bronze which he purchased appears to have been aroused on other occasions when he visited the gallery alone. There is no evidence that plaintiff assisted in the least in bringing about any of these sales, otherwise than by bringing Burchell to the gallery on the occasions specified, and at various other times. Stollberg testified that, when plain-

tiff first brought Burchell to the gallery, plaintiff said to him as they were leaving, "I brought in Mr. Burchell, and I expect to be looked after regarding commissions," to which he replied, "I will see Mr. Schaus, and Mr. Schaus will see you;" that he informed the decedent next day that plaintiff had called with Burchell, and that he had shown them several pictures, and that plaintiff "had mentioned regarding his commission   *   *   *   that Mr. Clapp had said to me he expected his commission," and that the decedent said, "That is all right," but that he never communicated this to plaintiff. It was not shown that it was ever communicated to plaintiff, or that there was any conversation between him and decedent on the subject. Stollberg had made an affidavit with respect to this matter, from which he omitted what he testified the decedent said, and therefore, if that fact were of importance, it is doubtful whether it was satisfactorily established. But I fail to see its materiality since it was not communicated to plaintiff, or its communication to him authorized. It could not in and of itself be held to constitute an agreement with plaintiff to pay him commissions. Plaintiff's version of this conversation is that he told Stollberg that Burchell was his customer, and that he would expect Stollberg "to look after" him, and that he wanted "my commission," and that Stollberg said "that would be all right; 'I will see Mr. Schaus.'" Burchell had no recollection of any conversation at that time. According to Stollberg, plaintiff and Burchell often came to the gallery when he was there, but he made none of the sales to Burchell, and nothing further was said about commissions.

By a contract in writing made on the 24th day of February, 1908, the decedent employed plaintiff for one year from March 1st thereafter to devote his entire time and energy to selling paintings and water colors on a salary and commission basis. Plaintiff worked for the decedent under that contract during the entire year, and neither demanded nor claimed to be entitled to the commissions now sought to be recovered by the first cause of action until after the expiration of that year. One Little, an employé of the decedent, testified that about the time the plaintiff left decedent's employ at the expiration of the written contract he overheard a dispute between them in which plaintiff said to decedent, "Mr. Schaus, you owe me more commissions on pictures sold to Mr. Burchell," to which decedent yelled out in reply, "I paid you as much on those pictures as I am going to pay you," and that the plaintiff then said, "You must think I am a damn kid or you wouldn't treat me this way." The second cause of action is also for commissions on sales to Burchell in part, and it does not appear which commissions—whether on pictures sold before or after the employment in writing—were the subject of this discussion. The same witness, however, testified that about two months after plaintiff was employed for a year decedent asked him about the business; and, upon being told that it was dull, remarked, "It is a good thing that Clapp brought in Burchell, even if I had to pay him commissions on all sales." Another employé of decedent testified that in the month of February, 1908, he asked for an increase in salary, and decedent stated, among other things, that he could not increase his salary much at that time "on account of the sales made to Mr. Burchell would have to be—at least,

there would be commissions paid to Mr. Clapp, being the one bringing Mr. Burchell in." That indicates that the decedent intended to pay plaintiff some commissions, but it was not necessarily an admission of a binding agreement therefor. He may at that time have deemed it advisable from a business standpoint to do so, but have changed his mind when by the contract in writing he secured plaintiff's services for one year. Moreover, it does not appear, otherwise than by the statement itself, whether it was made before or after the employment for a year, and it may have related to that contract. The only other item of evidence tending to support the plaintiff's claim is an entry in the decedent's journal, made by his bookkeeper who was not called as a witness, under date of "April," 1908, under plaintiff's name, as follows:

Commission allowed on sales as per instruction of Mr. H. Schaus.. $1,600

—under which appears in pencil in the handwriting of the bookkeeper:

Should have been posted as follows:
Expense a/c Gratification............................... $1,000
    "      Salary a/c....................................    600  $1,600
as per verbal statement made later by Mr. Hermann Schaus.

The ledger account of plaintiff on decedent's books contained an entry under date of April 30, 1908, of a credit to plaintiff "By Comm. $1,600.00," with debit items as follows:

1908
Mch.  1.  To Cash......163................................. $1,000 00
     30.   "    "  ......167.................................    100 00
Apr.  3.   "    "  ......169.................................    200 00
     13.   "    "  ......171.................................    200 00
     30.   "    "  ......174.................................    100 00
                                                          _____
                                                           $1,600 00

Payments of these amounts were shown to have been made to plaintiff by decedent by checks on the respective dates, with the exception that the check for $1,000 is dated March 3, 1908. The decedent's cash book shows an entry under plaintiff's name, as follows: "On account $1,000, March 2nd," 1908. The attempt to destroy the admission contained in the original entry to the effect that the decedent was entitled to credit for $1,600 for commissions was not successful, for, assuming the entry to have been made the last day of April, the decedent would not then have been indebted to him for $600 on account of salary at $50 per week from March 1, 1908. Although the decedent thus admitted that he was obligated to pay plaintiff some commissions, we find therein no support for the claim for commissions on all sales that might ever be made to Burchell after plaintiff accompanied him to the decedent's gallery, whether in plaintiff's presence or absence and regardless of whether he took any part in drawing the attention of the purchaser to the painting or other work of art, recommending it to him, or in the negotiations. It would require most clear and convincing evidence to establish such a contract resting in parol. The evidence in this

record is not of that character, and therefore the recovery cannot be sustained.

[5] The contract made February 24, 1908, provided that plaintiff should receive "five per cent. commission on all of his sales up to three thousand dollars and two and one-half per cent. commission on all of his sales over three thousand dollars." The second cause of action is for commissions at the rate of 5 per centum on three pictures sold to Burchell, and half commissions on three sold to a Mrs. Darden. One of the pictures which plaintiff sold to Burchell under the contract of employment in writing was not owned by the decedent, and another was returned long after the sale as the result of negotiations between him and the decedent and in liquidation of Burchell's indebtedness for it and other pictures and works of art. The plaintiff was entitled to commissions on unconditional sales made for the decedent regardless of ownership, and his right thereto could not be affected by a new contract under which the return of a picture was accepted. The third picture was imported to sell to Burchell, and the sale was effected by the plaintiff. The recovery of commissions on those three sales was fully warranted.

The plaintiff sold one painting to Mrs. Darden for more than $3,000 February 9, 1909. The evidence satisfactorily shows that he sold the three others on which a recovery has been had on the second cause of action to her at the same time, but he claimed that he sold two of them to her on January 9, 1909. He received the lower rate of commissions on all of these sales, and now contends that they are to be regarded as separate sales, and that on the three, each of which sold for less than $3,000, he is entitled to the higher rate. The recovery on that theory manifestly was erroneous.

[6] We are also of opinion that the presentation of the claim to the testator did not dispense with the necessity of presenting it to the executors, if plaintiff desired to recover costs against them. Code Civ. Proc. §§ 1835, 1836.

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellants to abide the event, unless the plaintiff stipulates to reduce the recovery to $622.27, the amount recovered on the second cause of action, less $134.37 and interest thereon from said February 9, 1909, to the date of the rendition of the verdict, and if he shall so stipulate then the judgment is modified accordingly and by striking out the costs, and affirmed without costs.

INGRAHAM, P. J., and McLAUGHLIN, J., concur. CLARKE and SCOTT, JJ., dissent.