## H. M. LUFKIN v. W. J. HARVEY and Another.[1]

May 22, 1914.

Nos. 18,626—(137).

**Complaint — implied contract — pleading promise to pay.**

    A complaint alleging that, at the special instance and request of defendants, plaintiff rendered professional services as a surgeon in treating their minor son, and alleging the value of the services, is sufficient as a complaint upon an implied contract. An allegation of a promise to pay, necessary at common law, is not necessary or proper under the code as part of the pleading of an implied contract, but the addition of this allegation makes the pleading one upon both express and implied contract. It does not defeat recovery upon an implied contract. Under such a complaint recovery may be had on contract either express or implied.

Action in the municipal court of St. Paul to recover $223 for medical and surgical services rendered defendants' minor son. The case was tried before Hanft, J., who granted defendants' motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*E. O. Wergedahl,* for appellant.
*Wickersham & Churchill,* for respondent.

[1] Reported in.147 N. W. 444.

HALLAM, J.

Late one night, plaintiff, a physician and surgeon, was called to a hospital in St. Paul, by some person unknown to him, to attend the minor son of defendants. The son had received an injury, and an immediate operation was necessary. Plaintiff performed the operation with the acquiescence of the defendants. He continued to treat the son for a period of nine months, and during that time performed a second operation, all with the knowledge and assent of defendants. The evidence shows that the treatment given was necessary for the health and welfare of the boy. The value of plaintiff's services was admitted.

There is no controversy as to any of the foregoing facts. The services were rendered under such circumstances as would ordinarily give rise to an implied contract on the part of the defendants to pay therefor. The services were necessary, and a contract on the part of the parent to pay for necessaries furnished to a minor child will usually be implied from the parent's duty to provide for the child, and the knowledge of the parent that another person is furnishing necessaries with the expectation of being paid therefor. 29 Cyc. 1611; Deane v. Annis, 14 Me. 26; Swain v. Tyler, 26 Vt. 9; Carroll v. McCoy, 40 Iowa, 38. A finding of an implied contract on the part of defendants to pay for plaintiff's services would have been amply sustained by the evidence. But the case was decided in favor of the defendants, apparently on the ground that plaintiff had not properly pleaded his cause of action. The theory of the trial court was that plaintiff had pleaded only an *express* contract, and the decision was merely to the effect that an *express* contract was not proven. The rights of the parties were not fully determined. In this we think the court erred. The court should have disposed of the whole case on the merits and should have determined whether there was any contract on the part of defendant to pay for plaintiff's services, either express or implied, and if either was proven plaintiff should have been allowed to recover.

Where the witnesses on both sides tell their whole story of the controversy without objection of any sort, each meeting the contentions of the other, rules of pleading should not prevent a full determination

of the controversy between them. Construing this complaint liberally, we think it pleads all the essentials of an implied contract. It alleges that the services were rendered at the special instance and request of defendants, and alleges their value.

The allegation that the services were rendered at the instance and request of defendants does not make the action one upon an express contract. The allegation of a request or of circumstances equivalent to a request, is a necessary part of a complaint upon an implied contract. Keller v. Struck, 31 Minn. 446, 18 N. W. 280; Danahey v. Pagett, 74 Minn. 20, 76 N. W. 949; Dartt v. Sonnesyn, 86 Minn. 55, 90 N. W. 115.

The complaint further alleges that defendants agreed to pay the reasonable value of the services. Under the common law this allegation was a necessary part of the pleading of an implied contract. Candler v. Rossiter, 10 Wend. (N. Y.) 487; Bruner v. Stout, 3 Ky. 233; Wingo v. Brown, 12 Rich. (S. C.) 279. Under the code system of pleading the allegation of a promise is in such case not necessary. Oevermann v. Loebertmann, 68 Minn. 162, 70 N. W. 1084. Some cases hold, however, that while this form of allegation is not necessary under the code, it is not improper. Wills v. Wills, 34 Ind. 106. Probably the better rule is that it is neither necessary nor proper under the code as part of the pleading of an implied contract. Cropsey v. Sweeney, 27 Barb. (N. Y.) 310; Pomeroy, Code Remedies (4th Ed.) § 434. But the addition of this allegation does not make the case one upon an express contract alone. The only effect of such an allegation is to make the pleading one upon both express and implied contract. Both allegations may stand together, and as long as they stand, proof sustaining either an express or an implied contract may be received. Kinzel v. Boston & Duluth Farm Land Co. 124 Minn. 416, 145 N. W. 124. If the defendant objects to this form of allegation, he may move to require the plaintiff to elect upon which ground he will proceed, and, if it appear that an unfair burden is imposed upon him by this double form of pleading, an election may be required in the discretion of the trial court. Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N. W. 481. When it comes to the proof, of course, an express and an implied promise on the

same subject cannot be proved, for an express contract necessarily excludes a contemporaneous implied one in relation to the same matter. Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053. But it has never been considered that the allegation of an express promise in a pleading defeats recovery upon an implied promise, if the facts out of which an implied promise arises are properly alleged. Hewitt v. Brown, 21 Minn. 163; Plummer v. Mold, 22 Minn. 15; Ingle v. Angell, 111 Minn. 63, 126 N. W. 401, 137 Am. St. 533, 20 Ann. Cas. 625.

Order reversed and new trial granted.