(June 26, 1917.)

## H. M. SNODERLY, Respondent, v. C. A. BOWER, Appellant.

[166 Pac. 265.]

CONTRACTS—LATENT AMBIGUITY—MEETING OF THE MINDS—PLEADINGS.

1. Where it is provided in a contract that certain hay is to be measured according to the "government rule," and parol evidence is introduced to disclose the fact that there were several rules known as "government rule," and that the minds of the parties did not meet as to what government rule the provision in the contract referred to, such provision is void.

2. Where the pleadings are based upon an express provision in a contract fixing a rule of measurement, and nothing further, and it is shown conclusively from the evidence that there was no contract upon that point between the parties, the pleadings will not support the judgment.

[As to effect on contract for sale of chattel of failure to fix price, see note in Ann. Cas. 1912B, 359.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Chas. O. Stockslager, Judge.

Action on contract.  Judgment for plaintiff.  *Reversed.*

A. W. Ostrom, A. M. Bowen and W. P. Guthrie, for Appellant.

The contract in this case is on its face ambiguous and uncertain.  It can become enforceable only by a showing what was meant by the term "government rule."  If the contract could not be made plain in this regard, it was no agreement nor would an agreement exist unless the minds of the parties met.  (9 Cyc. 248, and cases cited.)

The burden in this regard rests on the plaintiff and if he could not show a contract, certain in its terms, he could not recover, but could sue only for the reasonable value of his services.  (9 Cyc. 757.)

If the contract is so uncertain and ambiguous that the court is unable to determine what was intended, the same is void and cannot be enforced.  (*Ahlstrom v. Fitzpatrick,* 17 Mont. 295, 42 Pac. 757; *Omaha L. & T. Co. v. Goodman,* 62 Neb. 197, 86 N. W. 1082; *Reed v. Lowe,* 8 Utah, 39, 29 Pac. 740; *Barton v. Spinning,* 8 Wash. 458, 36 Pac. 439; 9 Cyc. 248, and cases cited.)

Longley & Walters, for Respondent.

Had the court in fact found such ambiguity or uncertainty in the contract as to render it unable to construe it without the aid of extrinsic evidence—and the record further showing a direct conflict between the parties to the contract as to the meaning of the words employed—then the appellate court is bound to presume that the questions of fact so presented were properly given the jury under correct instructions by the court, and the jury having by its verdict determined all questions of fact in favor of the plaintiff, in the absence of erroneous instructions, the appellate court must accept the verdict of the jury as conclusive upon all of the facts so presented.  (Sec. 4824, Rev. Codes; *Coe v. McGran,* 23 Ida. 582, 131 Pac. 1110; *Davidson Grocery Co. v. Johnston,* 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929; *Goodman v. Minear*

*Mining etc. Co.*, 1 Ida. 131; *State v. Preston*, 4 Ida. 215, 38 Pac. 694; *State v. Perry*, 4 Ida. 224, 38 Pac. 655.)

Where the ambiguity in the contract cannot be solved by reference to other parts of the contract and the surrounding circumstances are controverted, the court should charge the jury hypothetically as to the true interpretation of the contract. (*Carstens v. Earles*, 26 Wash. 676, 67 Pac. 404.)

It was the duty of the court to submit the question of what the intention of the parties was in the making of this contract to the jury, to be determined from the evidence offered by the respective parties. (*Ginnuth v. Blankenship & Blake Co.* (Tex. Civ. App.), 28 S. W. 828.)

The appellate court is bound to assume, in the present state of the record, that such question was properly submitted to the jury, and having been so submitted and passed upon by the jury, its verdict is conclusive upon this court.

RICE, J.—This is an action to recover balance alleged to be due on a written contract between the parties hereto, under which contract respondent undertook to farm appellant's land and to raise and stack the hay grown thereon. The controversy arose over the provision of the contract which attempted to define the method of measuring the hay. The material language of the contract in question is as follows:

"The hay to be measured within ten days after the last cutting is stacked and to be measured according to government rule with a basis of Five Hundred Twelve (512) cubic feet to the ton."

The case was tried before the court and a jury and a verdict returned in favor of respondent in the sum of $500, and judgment was entered on the verdict for that amount, from which this appeal is prosecuted.

In II Eng. Ruling Cases, p. 718, the rule is stated as follows: "Where a determinate intention appears to be expressed by the written instrument, extrinsic evidence is admissible to show that the description of an object contained in the instrument is applicable with legal certainty to either of two objects; and, a latent ambiguity having been thus

disclosed, evidence of the surrounding circumstances is admissible to show which of the objects was meant by the description''; . . . .

It will be seen from this rule that the process in explaining latent ambiguity is divided into two parts: First, the introduction of extrinsic evidence to show that the latent ambiguity actually existed, and second, the introduction of extrinsic evidence to explain what was intended by the ambiguous statement.

It seems to be conceded by the parties that the term ''government rule,'' as it appears in this contract, is a latent ambiguity. The appellant in this case in order to point out what was in the minds of the parties at the time the term ''government rule'' was put into the contract, introduced evidence to show that at that time he produced a rule known as a government rule and showed it to the respondent. This the respondent absolutely denied. The verdict of the jury could have been reached only on the basis that it found with respondent on this point. The appellant introduced further evidence to show that in that vicinity there were several rules known as the ''government rule'' for measuring hay. The respondent made no attempt to clear up the ambiguity by extrinsic evidence, but introduced a rule for measuring hay which he obtained from the department of agriculture. He admits that he had no definite rule in mind at the time he entered into the contract, but supposed that the government had some rule by which he would be willing to measure the hay. Counsel for respondent in addressing the court said: ''I am not attempting to prove that this is the government rule except as the document itself makes the statement.'' The document itself does not purport to be an official government rule, but one compiled and recommended by the department of agriculture. Respondent admits, however, that this rule was not in his mind as the government rule at the time he entered into the contract, he never having seen or heard of the rule until after that time. The document itself further shows that it was not printed until some time after the contract had been executed.

It will be seen then that the latent ambiguity in the contract has been exposed, but the evidence does not explain, or even attempt to explain, what was in the minds of the parties at the time the term ''government rule'' was inserted in the contract. It is not for the court or jury to make a contract for the parties, but only to determine what the parties intended the ambiguous terms to mean at the time they entered into the agreement.

From the evidence in this case, it is clear that there was no meeting of the minds of the parties on the question as to what constituted the ''government rule'' when the contract was entered into, and that provision in the contract would therefore be void. (*Raffles v. Wichelhaus,* 3 Hurl. & C. 906, 159 Eng. Reprint, 375; *Stong v. Lane,* 66 Minn. 94, 68 N. W. 765.)

The respondent seems to have realized the weakness of his position in declaring upon the express contract, and tried the case upon the theory that the plaintiff was entitled to a specific amount per ton by weight, rather than by the specified rule. The evidence has been carefully examined to determine whether or not the appellant joined in and tried his case upon the same theory. It has been found that he did not, but on the contrary resisted the introduction of evidence by the respondent in his effort to prove the correctness of the rule of measurement used by respondent in attempting to establish the actual number of tons of hay stacked by him. Counsel for respondent asked the following question: ''And what would you say about this method being a correct fair method of measuring?'' To which counsel for the appellant objected as follows: ''We object to that unless it is further shown that he has tested it, and for the additional reason it would be immaterial unless it is shown that this was the measurement which was in contemplation of the parties to the contract at the time it was made.''

As the appellant did not join in and try his case upon the same theory as respondent, but kept within the issues made by the pleadings, he did not waive the right to have the judgment supported by the pleadings. As the pleadings were based upon the express provision in the contract fixing the

rule of measurement, and nothing further, and it is shown conclusively from the evidence that there was no contract upon that point between the parties, the pleadings will not support the judgment.

Upon a retrial of this case the district court should permit plaintiff to amend his complaint, if he desires, so as to set out the reasonable value of the services rendered. Upon that issue the proof would not be confined to the actual number of tons stacked, to be ascertained by weight or any rule of measurement. Any competent evidence tending to show reasonable value of the services rendered would be admissible.

The judgment is reversed and a new trial ordered. Costs awarded to appellant.

Morgan, J., concurs.

BUDGE, C. J., Dissenting.—I am unable to concur in the conclusion reached by my associates.

It is conceded that the words "according to government rule" are ambiguous. It is expressly urged by appellant that "—at least the law ought to imply—the common and universal meaning of such term, in the locality where the contract was made." He insists not only that the particular rule urged by him was the "government rule" the contracting parties had in mind, but further, since as he claims, it was the rule commonly and generally known as the government rule, that alone would govern and determine the intention of the parties. But there were, as appears from the uncontradicted evidence, several rules for measuring hay in use in that vicinity, each known as a "government rule." It therefore became a question of fact for the jury, under proper instructions, to determine what meaning should be given thereto, and which of the several rules in evidence the parties should be deemed to have intended. (*Carstens v. Earles,* 26 Wash. 676, 67 Pac. 404–408; *Ginnuth v. Blankenship & Blake Co.* (Tex. Civ. App.), 28 S. W. 828; Page on Contracts, sec. 1129; Elliott on Contracts, secs. 1564–1566.)

Nor does the fact that respondent testified that he had no definite rule in mind at the time the contract was entered into, alter the rule. The jury were not bound by this testimony. The admissions or declarations of the parties as to what was intended are not controlling. Under all the facts and circumstances in evidence, and in view of the fact that the contract had been pleaded and admitted, it was proper for the court to submit the meaning to be given the words "government rule" to the jury. (*Bullock v. Finley*, 28 Fed. 514.)

But in any event it nowhere appears that the appellant was misled by the proof, and the evidence is amply sufficient to sustain the verdict. Section 4824, Rev. Codes, provides, that where there is substantial evidence to support the verdict it must not be set aside. (*Herculith Co., Ltd., v. Gustafson*, 22 Ida. 537, 126 Pac. 1050; *Coe v. McGran*, 23 Ida. 582, 131 Pac. 1110; *Denbeigh v. Oregon-Washington R. etc. Co.*, 23 Ida. 663, 132 Pac. 112; *Meeker v. Trappett*, 24 Ida. 198, 133 Pac. 117; *Davidson Grocery Co. v. Johnston*, 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929; *Casaday v. Stuart*, 29 Ida. 714, 161 Pac. 1026; *Huffaker v. Edgington*, ante, p. 178, 163 Pac. 793.) Section 4225, Rev. Codes, provides that: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that the party has been so misled, the court may order the pleading to be amended, upon such terms as may be just." Section 4226, Rev. Codes, provides that: "Where the variance is not material, as provided in the last section, the court may direct the facts to be found according to the evidence, or may order an immediate amendment, without costs." In *Clopton v. Meeves*, 24 Ida. 293–298, 133 Pac. 907, this court, applying the above sections, said: "Under the liberal rule adopted by our statute, we think the court might properly find according to the facts and that this variance would not be fatal. If the trial judge had thought it necessary, he might have ordered an immediate amendment to support the evidence and finding." (See, also, *Western Loan etc. Co. v. Kendrick*

*State Bank*, 13 Ida. 331, 90 Pac. 112.)  The trial court then had ample authority to direct the jury to find the facts according to the evidence without requiring the pleadings to be amended.  Since the instructions of the court are not in the record we must presume that the court correctly instructed the jury on all of the material issues involved, and that the instructions taken as a whole fairly submitted the case to the jury.  (*Hopkins v. Utah Northern Ry. Co.*, 2 Ida. (277) 300, 13 Pac. 343; *Gumaer v. White Pine Lumber Co.*, 11 Ida. 591, 83 Pac. 771; *McLeod v. Rogers*, 28 Ida. 412, 154 Pac. 970.)

Under our code system the rule applicable to the case at bar, is as follows: "It has been held that under a pleading alleging an express contract, a recovery on an implied contract may be sustained, where the defendant's rights have been fully protected.  At most it is but a variance between the pleadings and the proof which may be disregarded unless it appears that the defendant was misled by it."  (9 Cyc. 749; *Clapp v. Schaus*, 156 App. Div. 681, 141 N. Y. Supp. 451; *Lufkin v. Harvey*, 125 Minn. 458, 147 N. W. 444; *Anderson v. Akins' Estate*, 99 Neb. 630, 157 N. W. 334; *Burgess v. Helm*, 24 Nev. 242, 51 Pac. 1025; *Nyhart v. Pennington*, 20 Mont. 158, 50 Pac. 413; *Palmer v. Miller*, 19 Ind. App. 624, 49 N. E. 975; *Buckingham v. Harris*, 10 Colo. 455, 15 Pac. 817, following the case of *Sussdorff v. Schmidt*, 55 N. Y. 319; *Wells v. Crawford*, 23 Colo. App. 103, 127 Pac. 914; *Chicago R. I. & P. Ry. Co. v. Bankers' Nat. Bank*, 32 Okl. 290, 122 Pac. 499.)  These cases were decided under statutes practically identical with our own, in the respects above referred to.  It is clear from the whole record, in my opinion, that substantial justice has been done, and that the judgment should be affirmed.

A new trial should not be granted, as no other or different means can be adopted, than was followed at the trial for determining the amount of hay that the respondent stacked— this was the real question submitted to the jury, and I think fairly so.  Should the complaint be amended so as to state a cause of action upon a *quantum meruit* basis, the proof

that could be properly offered would be practically the same as appears in the present record. In other words, I do not think, under the sections of the statute above cited, the authorities referred to, and under the facts of this case, that a technical rule of pleading should be invoked when it is clear that the rights of the litigants have been fairly adjudicated.