[No. 7,504.—Department One.]

## A. W. WHITNEY *v.* JOSEPH PURRINGTON.

VARIANCE—EVIDENCE—PARTNERS—SALE.—In an action to recover a balance alleged to be due upon a settlement of partnership accounts, the plaintiff's evidence tended to show a purchase by the defendant of the plaintiff's interest in the goods and assets of the firm. *Held,* That a nonsuit was properly granted.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Superior Court of the County of Sonoma. CRANE, J.

The complaint alleged that said agreement of partnership continued until the 11th day of April, 1879, when an accounting was had of the whole business done by plaintiff and defendant under said agreement, and settlement was made and agreed upon by the said plaintiff and defendant. That by said accounting and agreed settlement, there was and became due from said defendant to said plaintiff the sum of two thousand five hundred and seventy-three dollars and forty-five cents. That defendant then and there agreed that said amount was due and owing to this plaintiff, and he, the defendant, then and there agreed to pay said sum to this plaintiff. The evidence for the plaintiff in effect showed that at the date alleged a statement of the resources and liabilities of the firm was made, by which there appeared to be due from the firm to the plaintiff two thousand five hundred and seventy-three dollars and forty-two cents; the assets of the firm, including accounts, being two thousand eight hundred and seven dollars and fifty-one cents; and tended to show a purchase by the said defendant of the said assets, for the amount of the firm's indebtedness to plaintiff.

*E. S. Lippitt,* for Appellant.

If there could be any doubt as to the fact of the Wilson statement being an account stated, then was it confirmed by the subsequent agreement to purchase at the price stated in said account. The offer was made by defendant to close the business, he to continue the business alone, and as no goods had been shipped by the plaintiff since the Wilson settle-

ment to pay said agreed balance as a final settlement, which was accepted by the plaintiff, and a part of balance was paid in accordance with said agreement.

*J. G. McCallum,* for Respondent.

The complaint purports to be for an account stated. But on the trial, the proofs related to a case for goods sold and delivered. The proofs did not correspond with the complaint, and no application was made to amend.

The COURT:

The complaint charges that the parties entered into a partnership to sell hay, grain, etc. That the business was continued until April, 1879, when an accounting of the whole business was had and a settlement made, by which there "became due" (was found to be due) from defendant to plaintiff a certain sum. The evidence tended to prove a purchase of the plaintiff's interest in the goods and assets of the firm by defendant. The Court below nonsuited plaintiff, in which we can not say there was error.

Judgment and order affirmed.