[No. 12380.    Department Two.    October 2, 1915.]

JESSE W. WALLING, *Appellant*, v. HARVEY ELBERT *et al.*,
*Respondents*[1]

JUDGMENT—NON OBSTANTE VEREDICTO—NEW TRIAL — CONFLICTING
EVIDENCE.  Judgment *non obstante veredicto* cannot be granted on
conflicting evidence upon which the minds of reasonable men might
differ, if there was any evidence to support the verdict; the fact that
it was unsatisfactory being ground only for a new trial.

Appeal from an order of the superior court for Spokane
county, Blake, J., entered April 1, 1914, granting a judg-
ment in favor of the defendants, notwithstanding the verdict
of a jury rendered in favor of the plaintiff, in an action for
fraud.  Reversed.

*Wm. E. Richardson* and *Ulysses S. Fitzpatrick,* for ap-
pellant.

*D. R. Glasgow* for respondents.

PER CURIAM.—In the spring of 1911, Jesse Walling was
the owner of one hundred and eighty-two acres of land in
Morrow county, and forty acres in Lincoln county, Oregon.
His daughter and her husband, the respondents, owned a
farm of two hundred and forty acres in Stevens county,
Washington.  Walling at this time was trying to dispose
of the one hundred and eighty-two acres in Morrow county.
He had made several unsuccessful efforts to effect a cash sale
of the property, when Mrs. Elbert suggested that he trade it
for the Stevens county land belonging to herself and hus-
band.  As a result of negotiations between them, Walling
and Mr. and Mrs. Elbert finally met in Spokane and agreed
upon an exchange the terms of which are in dispute.  Shortly
thereafter Walling delivered to the Elberts deeds to both
tracts of his Oregon land, and the Elberts conveyed to
Walling the Stevens county land.  In January, 1913, Walling
brought this action against Mr. and Mrs. Elbert, alleging

[1]Reported in 151 Pac. 1081.

that he had been defrauded in the exchange, and asking for damages.

To establish his claim of fraud, appellant alleged that his daughter, Mrs. Elbert, made the calculations upon which the exchange was made, valuing his one hundred and eighty-two acres at $60 per acre and the Elberts' two hundred and forty acres at $45 per acre, and deducting the mortgages against each piece of property, and that she represented to him that the difference in value of the properties arrived at by this method was less than $100, when in fact the difference in value was $1,820 in favor of the appellant, which was the amount of damage he claimed to have sustained. The forty acres which he conveyed to respondents he alleged were to pay for board which Mrs. Elbert was to furnish him, and did not enter into the exchange. The respondents, on the other hand, alleged that the appellant traded both the one hundred and eighty-two acres and the forty acres at valuations which made his equities $10,883, for the two hundred and forty acres, which had an equity valuation of $10,800, and that the $83 difference in favor of the appellant was cancelled. They contend that no agreement whereby they should board Walling was ever entered into.

The case was tried to a jury, and a verdict returned in favor of the appellant for the amount of his prayer. The respondents made a seasonable motion for judgment non obstante veredicto, and in the alternative for a new trial. The court did not pass on the motion for a new trial, but overruled appellant's motion for judgment on the verdict and granted the motion for judgment non obstante veredicto. The appellant contends that, by granting judgment non obstante veredicto, the trial court decided a question of fact upon a sharp conflict in the evidence, and he has appealed from the order granting the judgment.

If, as argued by appellant, there was a conflict in the evidence, the trial court was in error in granting the motion, for

the power to grant a motion for judgment *non obstante veredicto* exists only when the trial court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. *Brown v. Walla Walla*, 76 Wash. 670, 136 Pac. 1166. The pleadings did raise an issue of fact, and evidence to support the allegations was introduced by the respective parties. The respondents, however, contend that the testimony of Walling was in itself so inconsistent and contradictory that, when his conflicting statements are all considered together, there appears to be no conflict in the evidence, and that his testimony, being unreliable and uncorroborated, furnished no basis for a verdict in his favor.

The particulars in which they maintain that the appellant's own testimony disproves itself concern the price at which he offered his land, the purpose for which he deeded the forty acres, the agreement for his board, and others. They point out that the appellant stated that he had never offered the one hundred and eighty-two acres for less than $55 per acre, and that he later admitted he had offered it for $50, but had forgotten that he had done so; that he testified he had deeded the forty acres to Mrs. Elbert alone, whereas the deed was to both Mr. and Mrs. Elbert; and that he testified he had deeded the forty acres to Mrs. Elbert that she might be enabled to make a settlement with her husband, and also testified that it was to pay for board. Other instances are given to show the supposed contradictions, and it must be conceded that the appellant's testimony is unsatisfactory and inconsistent to a certain degree. There was, however, evidence which, if believed by the jury, would support the verdict. It was the province of the jury to consider the documentary evidence and the testimony of both the appellant and the respondents, and arrive at a verdict. This they have done, and if the trial court found the appellant's testimony so conflicting and inharmonious as to make it in his opinion unworthy of belief, he

could, in his discretion, have granted a new trial, but could not grant a judgment *non obstante veredicto* without invading the province of the jury as triers of the facts. *Mathis v. Granger Brick & Tile Co.*, 85 Wash. 634, 149 Pac. 3.

We have carefully considered the testimony of all the witnesses in the light of the contentions of counsel for both parties, and conclude that the evidence is such that the minds of reasonable men might readily differ upon the issue of fraud. We cannot say that, as a matter of law, there was no evidence upon which a verdict could rest. The trial court was therefore in error in granting judgment *non obstante veredicto*, and the case is remanded with directions to the court to set aside the order granting a judgment *non obstante veredicto*, and to pass on the motion for a new trial.