[No. 12552.  Department Two.  November 24, 1915.]

WASHINGTON TRUST COMPANY, *Respondent*, v.
THOMAS KEYES, *Appellant*.[1]

BILLS AND NOTES—HOLDER IN DUE COURSE—FAILURE OF CONSIDERA-
TION.  One taking a note with full knowledge that the consideration ·
had failed, is not a holder in due course, and is subject to the de-
fense of failure of consideration.

TRIAL—PROVINCE OF COURT AND JURY—JUDGMENT NON OBSTANTE.
The trial court cannot enter judgment *non obstante veredicto*, where
the evidence was conflicting, and sufficient, if believed, to sustain the
verdict; but can, at most, grant a new trial.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered June 22, 1914, in favor of
the plaintiff, notwithstanding the verdict of a jury rendered
in favor of the defendant, in an action on a promissory note.
Reversed.

*Voorhees & Canfield* and *J. M. McCroskey*, for appellant.

*Danson, Williams & Danson* (*George D. Lantz*, of coun-
sel), for respondent.

PER CURIAM.—This is an action to recover upon a prom-
issory note given by the appellant Keyes to the L. D. Mc-
Carthy Auto Company, and by it indorsed to the respondent.
The case was tried to a jury, which rendered a verdict for
the appellant.  The respondent thereupon moved for judg-
ment *non obstante veredicto*, or in the alternative for a new
trial.  The motion for judgment *non obstante* having been
granted, Keyes has appealed.

The defenses included, among others, that the respondent
took the note with full knowledge that the consideration
therefor had failed.  If this defense was established, the re-
spondent was not a holder in due course, and the defense of

[1]Reported in 152 Pac. 1029.

failure of consideration would be available in the action thereon by the bank. In *Walling v. Elbert*, 87 Wash. 489, 151 Pac. 1081, and in other recent cases, we held that a trial court cannot grant a motion for judgment notwithstanding the verdict where there is a conflict in the evidence, as to do so would invade the province of the jury as triers of the facts. The record in this case discloses that there was evidence which, if believed, would establish that the bank was not a holder in good faith without knowledge of any defect in the note, and by granting the motion for judgment *non obstante*, the trial court substituted his judgment of the weight of this evidence for that of the jury. If he believed that the evidence was insufficient to sustain the verdict, he could have granted a new trial, but was without power to grant judgment *non obstante*. *Fobes Supply Co. v. Kendrick, ante* p. 284, 152 Pac. 1028.

The judgment is therefore reversed, with directions to the trial court to overrule the motion for judgment notwithstanding the verdict and to pass upon the motion for a new trial.