[No. 14253. Department Two. February 21, 1918.]

WASHINGTON TRUST COMPANY, *Respondent,* v. THOMAS
KEYES, *Appellant,* McCARTHY AUTO COMPANY
*et al., Defendants.*[1]

APPEAL — REVIEW — NEW TRIAL — DISCRETION. Where there was
conflict, the granting of a new trial for insufficiency of the evidence
will not be disturbed on appeal except for abuse of discretion.

Appeal from an order of the superior court for Spo-
kane county, Kennan, J., entered June 23, 1914, grant-
ing a new trial, after overruling plaintiff's motion for
judgment *non obstante,* in an action on a promissory
note. Affirmed.

*Voorhees & Canfield* and *McCroskey & Stotler,* for
appellant.

*Danson, Williams & Danson* (*George D. Lantz,* of
counsel), for respondent.

MOUNT, J.—This appeal is from an order of the
lower court granting a motion of the plaintiff for a
new trial. When the case was tried to the court and a
jury, a verdict was returned in favor of the defendants.
The plaintiff thereupon moved for a judgment *non
obstante veredicto,* and in the alternative, for a new
trial. The motion for judgment *non obstante* was
granted, and the defendant appealed therefrom to this
court. *Washington Trust Co. v. Keyes,* 88 Wash. 287,
152 Pac. 1029. We then reversed the judgment, with
directions to the trial court to overrule the motion for
judgment notwithstanding the verdict and to pass upon
the motion for a new trial. Thereafter the trial court
granted the motion for a new trial, and this appeal fol-
lowed.

[1]Reported in 169 Pac. 870.

The appellant concedes that the granting of a new trial is within the discretion of the trial court and will be reversed only for an abuse thereof, and proceeds to argue that the court abused its discretion in granting the motion in this case.

It is apparent from the record that there was substantial dispute upon some of the material facts in the case, and it follows, we think, that there is a question for the jury. Upon the other appeal, if we did not state that the question was one for the jury, we very plainly intimated so when we said:

"The record in this case discloses that there was evidence which, if believed, would establish that the bank was not a holder in good faith without knowledge of any defect in the note, and by granting the motion for judgment *non obstante,* the trial court substituted his judgment of the weight of this evidence for that of the jury. If he believed that the evidence was insufficient to sustain the verdict, he could have granted a new trial, . . ."

We think it is plain from this statement that the trial court was justified in granting a new trial, and it cannot now be successfully argued that he abused his discretion in so doing.

The order appealed from is therefore affirmed.

ELLIS, C. J., HOLCOMB, and MORRIS, JJ., concur.