[No. 18180. Department One. December 21, 1923.]

HUGH CAMPBELL et al., Appellants, v. FRED E. DINGLEY et al., Respondents.[1]

TRIAL (63)—PROVINCE OF COURT AND JURY—JUDGMENT NON-OB-STANTE—CONFLICTING EVIDENCE. The fact that the trial judge decides that the verdict is against the weight of the evidence does not authorize him to grant a judgment notwithstanding the verdict, if there is substantial evidence to support it.

Appeal from judgments of the superior court for King county, Frater, J., entered February 9, 1923, in favor of the defendants, notwithstanding the verdicts of a jury rendered in favor of the plaintiffs, in an action for damages sustained in an automobile collision. Reversed.

Roberts & Skeel and N. A. Pearson, for appellants.

Grinstead, Laube & Laughlin and Harry A. Rhodes, for respondents.

PARKER, J. — The plaintiffs, Campbell and wife, sought recovery, by two separate actions in the su-

[1]Reported in 221 Pac. 308.

perior court for King county, of damages for personal injuries and injuries to their automobile, claimed as the result of the negligent operation of the automobile of defendants, Dingley and wife, at the intersection of Valley street and Fairview avenue, in the city of Seattle. Both claims of damage are rested upon the same facts except as to the measure of recovery. Both actions were, by consent of all parties, tried at the same time before the court sitting with a jury, and resulted in verdicts awarding to the plaintiffs in one the sum of $250, and in the other the sum of $750. The defendants thereupon timely moved the court for judgments in their favor notwithstanding the verdicts, which motions the court granted, thus deciding, as a matter of law, that the plaintiffs were not entitled to any recovery in either of the actions, and rendered judgments accordingly. From these dispositions of the actions in the superior court, the plaintiffs have appealed to this court. By consent of all parties, the causes have been consolidated for the purpose of the appeals in this court.

There is no question here presented other than as to whether or not the trial court erred in granting defendants' motions for judgments notwithstanding the verdicts, and thus deciding, as a matter of law, that the plaintiffs were not entitled to any recovery. The trial court so decided manifestly upon the theory that the evidence conclusively showed that the defendants were not guilty of negligence, or that the plaintiffs were guilty of contributory negligence, or possibly upon both of these theories.

For present purposes, we may regard Valley street and Fairview avenue as intersecting each other at right angles; Valley street running east and west, while Fairview avenue runs north and south. This is true as to the southerly corners of the intersection, though

not literally true as to the northerly corners of the intersection, since the course of Fairview avenue bears somewhat to the east from the north line of Valley street. Just prior to the occurrence of the accident, the Campbell car was being driven north on the easterly side of the roadway of Fairview avenue, while the Dingley car was being driven west on the northerly side of the roadway of Valley street. The cars came into collision in the intersection.

According to the witnesses for the Campbells, their car was traveling from ten to twelve miles per hour just prior to and upon entering the intersection, arriving first in the intersection; the Dingley car was being driven from twenty to thirty-five miles per hour as it approached and entered the intersection, and the collision occurred south of the center line of Valley street, caused by the Dingley car being turned to the southwest and being driven suddenly in front of the Campbell car and across the intersection south and east of the center of the intersection, instead of around and north and west of the center of the intersection. According to the witnesses for the Dingleys, their car was traveling not more than twelve miles per hour upon entering the intersection, while the Campbell car was being driven at an excessive rate of speed upon approaching the intersection, and the collision occurred at or slightly north of the intersection, caused by the Campbell car being turned suddenly to the west and driven in the path of the Dingley car. The cars evidently came together at an angle of about 45 degrees; the Dingley car going west or somewhat south of west, and the Campbell car going nearly northwest. The left side of the Dingley car back of the front door came into collision with the right front end of the Campbell car, seemingly in some manner catching onto the front end of the right frame or spring of the Campbell car

and pulling it for the moment to the west, thus increasing the centrifugal force the Campbell car was being subjected to by reason of it turning to the left, and resulting in it rolling over to the right, coming to rest bottom side up very near, if not directly over, the center of the street intersection. According to the witnesses for the Campbells, the sudden turning of their car to the west was in an effort on the part of its driver to avoid a manifestly impending collision, and induced by the excessive speed of the approaching Dingley car and its turning to the south of the center of the street intersection.

In view of this conflict in the evidence, we are somewhat at a loss to understand the theory of the learned trial judge's decision disposing of the case as he did, unless it be upon the theory that he regarded the weight of the evidence so clearly in favor of the Dingleys that the Campbells should not be awarded recovery. Had the causes been on trial before the court without a jury we can readily see how the learned trial judge might have been justified in so deciding, but in the light of the conflict of the evidence above noticed, we cannot accede to the view that there was no substantial evidence warranting the jury in finding in favor of the Campbells. We think that it can be fairly said that reasonable minds might differ upon the question of whether the Campbells or the Dingleys were to blame for the collision and the resulting damage, and that the same may be said as to the question of contributory negligence on the part of the Campbells. If the trial judge was convinced that the weight of the evidence was decidedly in favor of the Dingleys, he would, of course, have been fully warranted in granting a new trial. But that is not the question here presented; and besides, would present quite a different question from that of taking the causes from the jury

and deciding them as a matter of law in favor of one or the other of the parties. *O'Connor v. Force,* 58 Wash. 215, 108 Pac. 454, 109 Pac. 1014; *Mathis v. Granger Brick & Tile Co.,* 85 Wash. 634, 149 Pac. 3; *Walling v. Elbert,* 87 Wash. 489, 151 Pac. 1081.

It seems quite clear to us that it cannot be said that there was no substantial evidence supporting the verdicts of the jury. There certainly was such evidence, if the jury believed the version of the occurrence as testified to by the witnesses for the Campbells.

The judgments are reversed, and the causes remanded to the superior court for further proceedings consistent with the views herein expressed.

MAIN, C. J., MACKINTOSH, TOLMAN, and HOLCOMB, JJ., concur.