(No. 6194.   May 28, 1935.)

FIRST NATIONAL BANK OF LOGAN, UTAH, a Corporation, Appellant, v. A. G. EAMES, Respondent.

[45 Pac. (2d) 795.]

L. R. Morgan, for Appellant.

A. W. Hart, for Respondent.

AILSHIE, J.—In this case the plaintiff sued upon a promissory note made to the Spencer Motor Co. of Logan,

Utah, which was payable in instalments. The plaintiff did not set out a copy of the note. It alleged that the note was sold and assigned to it for valuable consideration before maturity. Upon the trial plaintiff offered in evidence, in support of the allegations of the complaint, a document which is commonly designated a conditional sales contract. Defendant objected to the introduction of this contract and the court overruled the objection, with the reservation that he would examine the matter and finally rule upon it before the close of the case. After the completion of the introduction of evidence and both sides had rested, the court briefly reviewed the pleadings and the proofs and concluded that there was a fatal variance between the pleadings and proof and thereupon entered an order as follows: "that the complaint of the plaintiff herein be, and the same is hereby dismissed for variance between the allegations and proof, and without prejudice," etc. In stating his reasons for this ruling, the trial judge said *inter alia:*

"Now, as supporting the allegations of the complaint this Exhibit A is introduced, which is not a promissory note at all. It is a conditional sales contract containing probably, oh, perhaps . . . . two thousand words. You might as well plead a cause of action on a promissory note and introduce a mortgage, or an instrument that is wholly different, as to plead a promissory note and then attempt to support it with an instrument like this. This instrument should have been pleaded here according to its effect, or it should have been copied and attached to the complaint and made a part of it, because this conditional sales contract imposes certain conditions, or duties, or obligations upon the Spencer Motor Company. . . . .

"I hold that there has been a fatal variance between the allegations of the complaint and the proof, and that a *prima facie* case has not been made out by the plaintiff by reason of that fact, and I, therefore, order the complaint dismissed, without prejudice, however, to the plaintiff to bring any other or further, or appropriate action to secure any relief which it may claim it is entitled to; . . . . "

No motion or application was made by the plaintiff for leave to amend the complaint to conform to the proofs as might have been done under sec. 5–901, ICA. There was no error in the ruling of the court in this respect. The plaintiff sued on a promissory note to which it alleged ownership by indorsement before maturity. The proof in support thereof was a conditional sales contract of multifarious conditions. The first part of it was in the regular form of a promissory note, payable in instalments. Immediately succeeding the formal parts common to promissory notes, it contained sundry provisions, among which are these:

(a) "I, or we, have examined said chattel which I, or we, accept and agree to purchase hereunder in its present condition, without warranty by you as to the 'year model' of said chattel, or as to any other matter or thing whatever."

(b) "It is agreed that the title to, ownership in, and right of possession of said chattel are vested in you and your assigns until said indebtedness and all other sums of money payable to you, whether evidenced by note, book account or otherwise, also any judgments which you, your successors or assigns may obtain therefor, shall have been fully paid in money, at which time ownership shall pass to me or us."

(c) "Or said chattel may, at your option, be sold with or without notice either at public or private sale at which you may, at your option, purchase the same, and the proceeds, less the expense of taking, removing, holding and selling said chattel, shall be credited upon the amount paid hereunder; or without such sale there may be credited upon the amount unpaid the fair market value of said chattel at the time of repossessing same, and in either event, in consideration of the use and depreciation of said chattel, I or we promise and agree to pay forthwith any balance thereafter remaining unpaid hereunder."

(d) "This agreement, or any right thereunder, may at any time be assigned by you, in which event the terms

hereinabove set forth for your benefit shall inure to the benefit and operate in favor of your successors and assigns. I or we hereby waive as against such successors and assigns all right of recoupment, setoff and counterclaim, and I or we further agree that such successors or assigns shall be under no responsibility or obligation for the performance by you of any term or condition hereof.''

The contract introduced is a non-negotiable instrument (*Kimpton v. Studebaker Bros. Co.*, 14 Ida. 552, 94 Pac. 1039, 125 Am. St. 185, 14 Ann. Cas. 1126; *Moyer v. Hyde*, 35 Ida. 161, 204 Pac. 1068, 28 A. L. R. 695), and subject to all the defenses in the hands of the indorsee that might have been urged against the original payee.

No question arises here as to abuse of discretion by the court in refusing to allow an amendment to conform to the proofs; no application to amend, under the provisions of sec. 5–901, having been made. The court dismissed the action, without prejudice, for variance. The variance is apparent. The contract introduced is not the one set out in the complaint. The variance was substantial. (*Bailey v. Brown*, 4 Cal. App. 515, 88 Pac. 518; *Tomlinson v. Monroe*, 41 Cal. 94; *Whitney v. Purrington*, 59 Cal. 36; *Torgerson v. Stocke*, 72 Mont. 7, 230 Pac. 1096; 6 Cal. Jur. 484.)

Judgment affirmed. Costs awarded to respondent.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.