(No. 6599.  May 20, 1938.)

H. E. FULLMER, Appellant, v. E. D. PROCTOR, Respondent.

[82 Pac. (2d) 1103.]

R. J. Dygert, for Appellant.

S. T. Lowe, for Respondent.

GIVENS, J.—Appellant's first cause of action is the only one involved herein as follows:

"That on or about the 19th day of August, 1936, the defendant agreed to purchase pasture from the plaintiff for cattle for the balance of the pasture season in Caribou County, Idaho, of the year 1936, at the agreed price of $3.50 per head for the balance of the season.

"That between the 19th day of August, 1936, and the 3rd day of September, 1936, the plaintiff received from the defendant for the purpose of pasturing during the balance of the pasture season of 1936, One thousand, one hundred and seventy-three (1173) head of cattle at the agreed price of $3.50 per head for the season."

continuing with allegations of performance on his part, partial but incomplete payment by respondent and assertion of a balance due of $870.50.

No demurrer appears in the record and the answer is first a general denial and this affirmative defense:

"That on or about the 12th day of August, 1936, the plaintiff and defendant entered into a contract whereby the plaintiff agreed to sell to this defendant and the defendant agreed to purchase 700 tons of hay for the sum of $6.00 per ton, the same to be fed by the plaintiff to the cattle of defendant upon the Austin ranch in Caribou County, Idaho. The plaintiff further agreed to pasture for this defendant 700 head of cattle during the pasturage season of 1936, and the defendant agreed to pay therefor, $3.50 per head for 600 and $3.25 per head for 100 head.

"That pursuant to said contract, the said plaintiff sold and delivered to this defendant 713.51 tons of hay and pastured for this defendant 740 head of cattle, that this defendant paid to the plaintiff for the said hay and pasturing of the cattle the sum of $6,846.60, which said payments were accepted by the plaintiff. That by reason thereof, the said defendant has been fully paid for the said hay and pasturing of said livestock."

The trial court gave the complaint and answer to the jury as stating the issues involved instead of narrating or paraphrasing them, which found for appellant.

At the conclusion of appellant's case in chief, respondent moved for a nonsuit on these grounds:

"First: that there is a material variance between the allegations of the amended complaint of the plaintiff, and the proof, in this:

"a. The evidence shows that there was a written contract entered into between the plaintiff and the defendant herein, and whereby the plaintiff sold to the defendant pasturage on the Austin ranch for the remainder of the season of 1936 for 700 head of cattle at a price of $3.50 for 600 cattle, and $3.25 per head for 100 head of cattle;

"b. The evidence shows that the pasturage purchased under the written contract has been paid for in full;

"c. The evidence shows that if the plaintiff had purchased the pasturage on the Stocking ranch it was not purchased for the season of 1936, but was only purchased for a period of two months;

"d. The evidence shows that the season for pasturing cattle on the Austin ranch extended to approximately, December 20th, 1936.

"Second: That the evidence shows that the plaintiff procured the pasturage upon the Stocking ranch for the benefit of the defendant Proctor and Bunds and not for himself; that the defendant Bunds accepted the contract and paid the purchase price therefor;

"Third: That if the Court could conclude from the evidence that the plaintiff purchased the pasturage on the Stocking ranch and sold the same to the defendant, it was purchased under a different contract than was the pasturage on the Austin ranch and for a different period of time;

"Fourth: The evidence shows that the plaintiff had no right, title or interest in the pasturage on the Stocking ranch because he did not have a valid contract of purchase of the pasturage and paid no consideration therefor;

"Fifth: There is no evidence that the defendant and Bunds, or either of them, ever agreed to pay the plaintiff for the pasturage on the Stocking ranch the sum of $3.50 per head per season, or any other sum per head per season or any other sum."

which was denied, renewed in substance at the conclusion of the entire case, and again denied. After verdict for appellant a motion for judgment notwithstanding the verdict was made by respondent on the same grounds and reasons, and granted by the trial court and judgment entered accordingly, from which this appeal was taken.

The respondent justifies the judgment *non obstante veredicto* on the grounds that (1) a plaintiff must recover, if at all, upon the cause of action alleged in the complaint. He cannot recover when the evidence does not sustain the allegation of his complaint unless the complaint be amended to conform to the proof, and (2) where a cause of action is based upon one contract and the proof establishes an entirely different contract there is a failure of proof. Respondent contends that the only contract shown was that alleged in his affirmative defense and that the appellant did not pasture for the respondent the 443 head of cattle that were pastured on the Stocking ranch, for the evidence conclusively shows

that the appellant grounds his claim to title or an interest in the pasturage on the Stocking ranch on the memorandum agreement ''Exhibit D.''

■ The defect in respondent's position is that he entirely relies upon two written memoranda as constituting an entire and complete written contract and ignores the evidence which tended to show there were continuing negotiations between appellant and respondent commencing with these memos and ending with a final agreement of pasturage for the 1173 head as claimed and testified to by appellant.

The memoranda on their face are so incomplete that without extraneous evidence no definite or certain agreement could be gleaned therefrom.

One of the memoranda, Plaintiff's Exhibit ''C,''[1] was signed by respondent and the other, Defendant's Exhibit 14,[2]

---

[1] Date 193— DEPOSITS: Balance brot. forward, *August 12, 1936.*
Agreement  600  $3.50 per head for season 3 mo.
100   3.25 per   "    "    "    "    "

700                      $1000
                         $1000 paid

I, E. D. Proctor agreed to take 700 tons hay with understanding I am to buy 1200 tons total if satisfactory with Mr. Bunds. At price of $6.00 per ton fed out.

Measure in 30 days.
(Signed) E. D. PROCTOR

---

[2] Date 1936                      Aug. 12, 1936
Agreement  600—$3.50 per head for season
100—$3.25 per head for   "

. 700 head to have good feed   $1000 paid
and look and care for from R.R.   Austin R . . . .
1936 crop.

I agreed to take 700 tons hay with understanding I am to have 1200 tons if taken with Mr. Bund's O.K.

Price $6.00 per ton all hay to be measured 30 days fed out on ranch . . . . after stacking:
on or before 20 to 30 Sep. 1936

AUSTIN COMPANY
R.      (Signed) HOWARD E. FULLMER.

by appellant and exchanged, but neither states who the other party was, what was to be pastured, whether horses, cattle, sheep or pigs. From the entire record it is apparent appellant contended there was an agreement between the parties whereby he was to furnish pasture for whatever cattle respondent should ship from Montana to the Soda Springs country for the 1936 summer and fall season at $3.50 per head, a deduction of 25¢ per head for 100 head being allowed on account of a back haul from Soda Springs to McCammon, the cattle being intended for ultimate shipment to California.

Respondent, on the other hand, introduced evidence to show, and asserted, appellant had a contract to furnish pasture for 600 head only, at $3.50 for 500 and $3.25 for 100 and that as to the balance of the cattle and the pasture it was procured for respondent by appellant at $1 per head for old stuff and 75¢ for young animals, and that all appellant would be entitled to, if anything, and for which he did not sue, was a commission or compensation as agent, not as so much for pasture independently acquired and resold to respondent.

This thought is primarily bottomed on the Stocking memorandum as follows (Exhibit D):

■ While appellant purchased this additional pasture for $1 and for 75¢ and on his theory, the spread to $3.50 would have been his profit, it does not necessarily negative, as a matter of law, his position that he had an agreement with respondent for 1173 head in all. True respondent submitted testimony contradictory of appellant's position and fully sufficient to support his alleged contract, but the entire matter was for the jury on the proofs.

■■ Contracts may be oral, written, or partly oral and partly written. (13 C. J. 304, sec. 127, note, 69; *Lampasona v. Capriotti*, (Mass.) 4 N. E. (2d) 621, 108 A. L. R. 430;

"Soda Springs, Idaho.
"Sept. 2nd, 1936.

"Pasture agreement with H. E. Fullmer.

"I hereby agree to pasture up to 600 head of cattle branded ꓛD, & 60 from Aug. 20 to Oct. 20, 1936, at the rate of $1.00 per head per month on adult cattle & $.75¢ on yearling cattle.

"(Signed) J. H. STOCKING."

*G. M. Shutt & Co. v. Andrews,* 47 Ga. App. 530, 171 S. E. 219; *In re Simplot's Estate,* 215 Iowa, 578, 246 N. W. 396; *Sol Popofsky Co. v. Wearmouth,* 216 Iowa, 114, 248 N. W. 358; *Jackson v. Hughes,* (Tex. Civ. App.) 52 S. W. (2d) 687; *Acme Mfg. Co. v. McPhail,* 181 N. C. 205, 106 S. E. 672; *Zoharopulos v. Hamilton,* 108 Or. 201, 216 Pac. 184; *Raithel v. Miller,* (Mo. App.) 221 S. W. 377; *Schwartzman v. Pines Rubber Co.,* 189 App. Div. 749, 179 N. Y. Supp. 284.) No objection was made to the evidence offered by appellant that there was an agreement for 1173 head and that was the agreement he alleged. It is only when reasonable minds could not differ as to the conclusion to be drawn from the evidence that a question of law arises. (*Fleenor v. Oregon etc. R. Co.,* 16 Ida. 781, 102 Pac. 897; *McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657, 156 Pac. 115, Ann. Cas. 1918A, 280; *Lowary v. Tuttle,* 36 Ida. 363, 366, 210 Pac. 1006; *Scrivner v. Boise Payette Lbr. Co.,* 46 Ida. 334, 268 Pac. 19.)

Cases cited by respondent with regard to alleging one contract and proving another are easily distinguishable because the facts therein were not in dispute and one contract proved and another alleged. For instance, *First Nat. Bank v. Eames,* 55 Ida. 628, 45 Pac. (2d) 795, a note was alleged and the proof showed a conditional sales contract. In *Bean v. Katsilometes,* 50 Ida. 485, 298 Pac. 363, a three-year lease was alleged, a thirty months' lease proved. In *Phillips v. Brown,* 21 Ida. 62, 120 Pac. 454, there was no contradictory evidence as there was herein. *Snoderly v. Bower,* 30 Ida. 484, 166 Pac. 265, and *McAllister v. Union Indemnity Co.,* 2 Cal. (2d) 457, 32 Pac. (2d) 650, 42 Pac. (2d) 305, support appellant to the effect that if the contract is ambiguous, evidence *aliunde* is admissible to show what was meant and if there is sufficient evidence to support the verdict either one way or the other the same will not be disturbed. (*Vinyard v. North Side Canal Co., Ltd.,* 38 Ida. 73, 80, 223 Pac. 1072, 1073; *Hatcher v. Ferguson,* 33 Ida. 639, 650, 198 Pac. 680, 16 A. L. R. 590; *Wood River Power Co. v. Arkoosh,* 37 Ida. 348, 215 Pac. 975; *Sauve v. Title Guaranty & Surety Co.,* 29 Ida. 146, 158 Pac. 112; *Washington Trust Co. v. Keyes,* 88 Wash. 287, 152 Pac. 1029; *Henrickson v. Smith,* 111 Wash. 82, 189 Pac. 550.)

The record discloses there was pleading and proof supporting appellant, and the judgment *non obstante veredicto* should not have been entered.

The cause is therefore *reversed* and *remanded*, the judgment *non obstante veredicto* to be set aside, and judgment entered on and in accordance with the verdict. Costs to appellant.

Morgan and Ailshie, JJ., concur.

HOLDEN, C. J., Dissenting.—Appellant is engaged in farming and stock raising and respondent is engaged in buying, feeding, and selling livestock. In August, 1936, these parties entered into what is termed a memorandum agreement by which appellant contracted, among other things, to pasture 700 head of cattle, 600 at $3.50 per head and 100 at $3.25 per head, during the summer of that year. It appears that after the contract was made, respondent found he required more pasture than that covered by the memorandum agreement and that appellant, either acting for and in behalf of respondent, arranged for additional pasture with one J. H. Stocking, or, acting for himself, and not for respondent, contracted with Stocking for additional pasture and then contracted such additional pasturage to respondent. It further appears that respondent claimed appellant had acted for him in obtaining additional pasturage and that he therefore paid Stocking for such pasturage at the Stocking contract price. Appellant thereafter filed a complaint against respondent setting forth three causes of action, only one of which, the first, is involved on this appeal.

The first cause of action alleged in substance that on or about the 19th day of August, 1936, respondent contracted with appellant for pasturage for cattle at $3.50 per head during the balance of that season; that between August 19, 1936, and September 3, 1936, appellant received from respondent 1173 head of cattle for pasturage at the price so alleged to have been agreed upon; that appellant supplied pasturage for said cattle during the balance of said season and in every respect faithfully and fully performed the terms of the contract to be performed on his part; that respondent

failed, neglected, and refused to pay for such pasturage, with the exception of certain stated payments, alleged to have been made on the contract, and for certain hay also contracted, but not involved in this controversy, and that there was a balance due appellant from respondent in the sum of $870.50.

Upon the trial, at the close of all the evidence, respondent moved for judgment of nonsuit on each of appellant's three causes of action, which the court denied. Thereupon respondent moved for a directed verdict which the trial court also denied. The case then went to the jury. It returned a verdict in favor of appellant on his first cause of action for $870.32 and in favor of respondent on appellant's second and third causes of action.

The contract entered into between appellant and respondent was written on the face of two blank check stubs. Appellant signed one (which he offered and which was admitted in evidence in support of his first cause of action) and respondent signed the other. By its terms, as above stated, appellant agreed to furnish, and respondent agreed to purchase, pasturage for 700 head of cattle, 600 at $3.50 per head, and 100 at $3.25 per head. That contract would, of course, constitute the basis of one, the first, cause of action, and if appellant purchased the Stocking pasturage for himself, and not for respondent, and then contracted it to respondent, that would constitute the basis of another, or second, cause of action for pasturage. Appellant, however, pleaded but one cause of action for pasturage, the first, and that was based upon the memorandum agreement. No other cause of action for pasturage was alleged nor did appellant move to amend his complaint to conform to the evidence concerning the Stocking pasturage, for which the jury returned its verdict.

The record shows, and indeed it is not disputed, that respondent paid appellant in full for the cattle pastured under the terms of the memorandum agreement pleaded by appellant's first cause of action; therefore, there was no evidence whatever to support a judgment against respondent for pasturage on that cause of action. And if appellant purchased pasturage from Stocking and then sold it to respondent, he failed to plead the sale, and he also failed to ask

leave to amend his complaint to cover that item. This court held in *Independent School Dist. v. Weiser Nat. Bk.*, 45 Ida. 554, 263 Pac. 997, that a judgment for plaintiff was properly refused as to an item not alleged in the complaint, where, as here, there was no request to amend. Furthermore, it is elementary that there must be a sufficient pleading to support a judgment. I therefore dissent.

ON REHEARING.

(October 11, 1938.)

GIVENS, J.—The court granted a rehearing in the above-entitled cause June 22, 1938, the same being reheard at the Pocatello Term, September 8, 1938, all members of the court being present and accounted for, and having fully reconsidered the cause on all points urged in the petition for rehearing *pro* and *con*, the majority opinion heretofore filed is hereby reaffirmed as the opinion of the court, and it is so ordered.

Morgan and Ailshie, JJ., concur.

Holden, C. J., continues to adhere to his dissent as heretofore filed, in which dissent Budge, J., joins.