240 P.2d 482

## WOOD v. UHL.

### No. 7807.

Supreme Court of Idaho.

Jan. 29, 1952.

Perce Hall, Mountain Home, for appellant.

Ariel L. Crowley, Boise, for respondent.

PORTER, Justice.

By his complaint, appellant alleged that on or about the first day of March, 1947, the plaintiff, by oral agreement, leased, let and demised to defendant for the farming season of 1947, certain described real property situated in Elmore County; that defendant orally promised and agreed to pay to plaintiff as rental for said premises for said term, the sum of $1,500 in cash, payable May 30, 1947; that defendant went into possession of said premises and occupied the same during the farming season of 1947; that defendant has failed, neglected and refused to pay said rent save and except the sum of $439.40; and prayed for judgment for $1,060.60 with interest.

Respondent filed answer denying generally and specifically the allegations in plaintiff's complaint; and filed an affirmative defense and cross complaint alleging a conditional contract of sale. Such affirmative defense and cross complaint are not involved in this appeal.

The cause was tried before the court sitting with a jury. At the close of appellant's case, respondent made a motion for nonsuit. The motion was presently denied by the court with permission to renew it at the end of the case. Counsel for respondent then called respondent as his first witness. Counsel for appellant immediately objected to the introduction of any testimony in support of the affirmative defense and cross complaint. Whereupon the court sustained appellant's objection and also granted the motion of respondent for nonsuit. Judgment was entered dismissing the cause as to both the plaintiff's action and the cross complaint of defendant. From such judgment of dismissal, appellant has appealed to this court.

Appellant was the only witness called in support of his complaint. From his testimony it appears that during the last of December, 1946, and the first of January, 1947, negotiations were had between the parties for the sale of the premises in question by appellant to respondent for the sum of $8,000 cash, which sum was eventually reduced to $7,000; that respondent was without sufficient funds to

purchase the property and it was necessary for him to procure a loan secured by mortgage thereon; that when respondent called for abstract of title in order to complete his loan, appellant revealed that his title to the premises was involved in litigation then pending in the district court of Elmore County; and that appellant was not in position to and would not enter into any contract until he could clear his title.

Appellant further testified that on or about March 1, 1947, the parties had the following conversation: · "Well, he said, 'What are we going to do about farming that place? Do you want to farm it?' And I said, 'No, not especially. I have got more than I can handle with my other place.' And he said, 'I have got a chance to rent it for $1,500.00 cash rent.' And I said, 'Well, if you can rent it for $1,500.00 cash rent, and I can quiet title so I can make you the deed, if I can quiet title in May, the following May, and make you the deed, you keep the rent; and if I don't, you pay me the rent and pay all the water and taxes out of this rent money.' "

Thereafter, respondent, on the 29th day of March, 1947, rented the premises to one Marion Grenier by written lease for the season of 1947 for cash rent, payable $500 down and the sum of $1,000 to be paid on or before October 1, 1947.

The record does not disclose that respondent ever took physical possession of the premises or was in actual possession thereof at any time. Grenier paid the $500 down to respondent, took possession of the premises and farmed the same for the season of 1947, but failed to make the $1,000 payment due October 1, 1947. Respondent paid the taxes and water maintenance and paid and accounted to appellant for the remainder of the $500. In January, 1948, appellant repudiated the deal for the sale of the premises. His action to quiet title was not determined favorably to him until December 9, 1949. Wood v. Hill, 70 Idaho 93, 212 P.2d 391.

Appellant, by his specifications of error, urges only that the court erred in sustaining the motion for nonsuit and entering judgment of dismissal since a prima facie case sufficient to go to the jury had been established.

■ The burden was upon appellant to prove the oral lease pleaded in his complaint. Fullmer v. Proctor, 59 Idaho 455, 82 P.2d 1103; First Nat. Bank v. Eames, 55 Idaho 628, 45 P.2d 795; Bean v. Katsilometes, 50 Idaho 485, 298 P. 363; Snoderly v. Bower, 30 Idaho 484, 166 P. 265. There was no actual use and occupancy of the premises by respondent to aid in proving the existence of the relationship of landlord and tenant. Viewing the testimony of appellant in the light most favorable to him, it does not show any intent by the parties to create the relationship of landlord and tenant. Such testimony dis-

closes respondent was authorized to lease the premises for the mutual benefit of the parties in order to protect each of them from possible loss irrespective of whether their negotiations did or did not result in a sale. Discussing the relationship between the parties, respondent well states the matter in his brief as follows: "Primarily the relationship was that of contemplated vendor and vendee, with an intermediate agency of the respondent for the appellant, designed to hold the matter in status (quo) until the title clearing and loan factors could be resolved. No meeting of minds creating a leasehold, nor on terms of any lease was shown."

If the making of the lease by respondent to Grenier be regarded as showing constructive possession of the premises by respondent, such possession would be that of a prospective vendee and not of a tenant under the alleged oral lease pleaded in the complaint.

█ The entire evidence of appellant, considered in the light most favorable to appellant, is insufficient to sustain a finding that the relationship of landlord and tenant was created or existed between the parties. The trial court did not err in granting the motion for nonsuit and in entering the judgment of dismissal. Judgment affirmed. Costs awarded to respondent.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.